## 27385.   HUFF v. THE STATE.

JORDAN, Justice. This is an appeal from a conviction and a 15-year sentence for the offense of armed robbery. *Held:*

1. The fact that the trial judge had accepted a prior plea of guilty and entered sentence thereon does not constitute a ground for disqualification under *Code Ann.* § 24-102. The transcript reveals that the trial judge conducted the trial in a fair and impartial manner.

2. Error is asserted on the ground that the trial judge "erred in permitting the district attorney to bring the character of the accused in issue without the accused putting his good character into issue." Reference is made to a single page of the transcript containing testimony of the accused on cross examination, unobjected to, disclosing that he had been stationed in San Juan, Puerto Rico, as a member of the Navy, had come home on 30-day leave, and had remained "about three or four months." Previously, on direct examination, he had testified that he had joined the Navy at age 18, and that he was age 20 on the date of the alleged offense. Later in the transcript his counsel, referring to this testimony, stated to the trial judge, "and then he overstayed his leave. And we've left that in, that's all admissible." This enumeration is without merit.

3. Error is directed to the refusal to grant a mistrial after the district attorney elicited from the defendant the testimony that Webb, his companion on the date of the alleged offense, was "in Alto." In response to the motion the trial judge instructed the members of the jury to concern themselves only with the guilt or innocence of the defendant, and that any disposition of Webb's case was of no concern to them in determining the guilt or innocence of the defendant. This enumeration is without merit.

4. Error is asserted on the refusal of the trial judge to grant a mistrial because the district attorney sought to determine from the defendant the type of discharge he received from the Navy, on the basis that he was "again bringing the character of the accused into issue by asking him what type of discharge he received from the armed services when he had reason to know beforehand that it was not an honorable discharge." The defendant never answered the question, and the trial judge instructed the jury that "the type of discharge he might have had has no relevance in this case." This enumeration is without merit.

5. The sixth through ninth enumerations are directed to the failure of the trial judge to instruct on lesser included offenses. The transcript of the evidence discloses absolutely no basis for instructions of this nature. The evidence for the State discloses prima facie that the accused committed the offense as charged, corroborated by his extrajudicial confession. The defendant admitted his guilt while testifying before the jury, stating that he had been drinking and that "I just don't know why I robbed the place." These enumerations are without merit.

6. All other enumerations including those relating to the sentencing phase of the case, are without merit.

*Judgment affirmed. All the Justices concur.*

Submitted September 11, 1972—Decided November 9, 1972.

*Walton Hardin,* for appellant.

*Clete D. Johnson, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.